**F I L E D**

UNITED STATES COURT OF APPEALS

**October 25, 2005**

FOR THE TENTH CIRCUIT

KORIN VAN HOUTEN and H. V.,

     Plaintiffs-Appellants/
     Cross-Appellees,

  v.

CHARLENE SANSONE; LAURIE
FUHRIMAN, formerly known as
Laurie Slama; MELONIE BROWN,
formerly known as Melonie
Weymouth,

     Defendants-Appellees/
     Cross-Appellants,

  and

JANICE FROST,

     Defendant.

Nos. 05-4007 & 05-4013
(D.C. No. 1:02-CV-165-PGC)
(D. Utah)

ORDER AND JUDGMENT *

Before **TYMKOVICH, PORFILIO**, and **BALDOCK**, Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

In these consolidated appeals, plaintiffs Korin Van Houten and H.V. appeal from the district court's grant of summary judgment in favor of defendants Charlene Sansone, Laurie Fuhriman, and Melonie Brown, on plaintiffs' 42 U.S.C. § 1983 action. Defendants cross-appeal from the district court's denial of their motion for sanctions. Plaintiffs assert that the district court erred in its determination that the defendants were entitled to qualified immunity based on their reliance on state statutes and advice of counsel. Defendants argue that the district court abused its discretion by failing to impose sanctions against plaintiffs for discovery abuses. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

We review de novo a district court's grant of summary judgment, applying the same standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review for

abuse of discretion a district court's ruling on a motion for sanctions. *See, e.g., Augustine v. United States*, 810 F.2d 991, 996 (10th Cir. 1987) ("The refusal to impose sanctions is solely within the discretion of the trial court, to be reversed only when that discretion is abused.").

We have carefully reviewed the record, the parties' briefs, the district court's written orders, and the applicable law. We affirm substantially for the reasons set forth in the district court's two orders at issue in these appeals: the order entered December 2, 2004 granting summary judgment, and the order entered December 8, 2004 denying sanctions.

AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge